FILED IN MY OFFICE
DISTRICT COURT CLERK
4/9/2013 3:47:34 PM
STEPHEN T. PACHECO

GL

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

SANTA FE TRUST, INC., As Personal
Representative for the ESTATE OF
KEVIN UDY, Deceased; SUSAN UDY;
SCOTT UDY; SARAH UDY; DEVON
UDY; LANDON UDY; JOLYNN UDY;
EMILY UDY; LEO UDY; and RHEA UDY,

  Plaintiffs,

vs.

STANDARD E&S, LLC; ZIA
TRANSPORT INCORPORATED, INC.;
BERGSTEIN ENTERPRISES, LTD.;
and MONTE LYONS,

  Defendants.

No. D-101-CV-2011-00751

## ORDER FOR SANCTIONS

  Before the Court comes the Plaintiffs' motion to strike and for sanctions based on Defendants' spoliation of evidence. Having considered the testimony at trial, the deposition of Zane Vaughn, the pleadings, and the arguments of counsel, the Court makes the following Findings and Conclusions:

1. The Defendants had a clear duty based the Federal Motor Carrier Safety Act and New Mexico law to preserve the driver's logs going back 6 months prior to any accident. In this case, the Defendants, therefore, had a duty to preserve the driver's logs from the March 3, 2010 going back through September 3, 2009.

2. In addition, the Plaintiffs' notice letter of 3/22/2010 (Exh. 12) should have further alerted the Defendants of their duty to preserve all driver's logs and related information.

3. Plaintiffs' Request for Production of Documents (Exh. 58) clearly requests all drivers qualification files, time sheets and summaries, logs, and training documentation going back through and including September 2009.

4. The only driver's log produced was for March 3, 2010, the day of the accident.



EXHIBIT H

5. The driver's logs were clearly relevant to core issues in the case: negligence, comparative negligence, alleged fatigue of Mr. Lyons, the cumulative conduct inquiry under Grassie, and punitive damages.

6. The Affidavit of Terry Payton (Exh. 14) paragraph 4 indicates that the driver logs and related documents are routinely destroyed, and were routinely destroyed after six months.

7. In opening statement and in trial testimony, the Defendants suggested that the driver's logs for the day of the accident and the preceding seven days were taken by the Department of Transportation and never returned.

8. Further trial testimony by Defendant Lyons demonstrated that the Defendants Standard Energy and Bergstein Enterprises had daily received original log sheets that were not subject to being taken by the Department of Transportation.

9. As noted above, these Defendants were under a clear duty to preserve these log books, under Federal regulations and State laws and regulations incorporating Federal regulations.

10. Even if those regulations did not exist, there is an independent duty to preserve and disclose as a result of the letter from Plaintiffs' counsel. There is a further duty pursuant to Segura v. K-Mart.

11. During trial, Peiter Bergstein testified that Bergstein Enterprise's corporate counsel Zane Vaughn had been given the logs and that the logs were kept in Mr. Vaughn's office. Bergstein further testified that he had spoken with Mr. Vaughn regarding the logs and injected unsolicited hearsay that Vaughn had analyzed the logs and that Vaughn's analysis was favorable to the Defendants.

12. This Court ordered a deposition taken of Mr. Vaughn. In that deposition, Mr. Vaughn acknowledged the duty to preserve the logs and other evidence. He further testified that he never took possession or control of the documents because they were in locked file cabinets to which he did not have the key. He testified that he never conducted any analysis of the log books to determine compliance with the Federal regulations.

13. At a minimum, this case is not negligent destruction of evidence under Segura where the court found K-Mart's conduct merely negligent. The Defendants' conduct is at a minimum gross negligence as a result of the failure to retain these critical documents.

14. Beyond that, there are documents going beyond gross and extreme negligence:

   a. The Payton Affidavit (Ex. 14) says that the documents are routinely destroyed in six-month increments.
   b. There is no attorney named in that Affidavit in terms of who authorized destruction.
   c. Attorney Vaughn testified that he was not consulted nor did he authorize any document destruction.
   d. Attorney Vaughn testified that he never had a conversation that the documents were favorable because he never had control of them, never took possession of them, and never analyzed them.

15. Defendants' extreme conduct deprived the Plaintiffs of evidence that goes to the very heart of their case.

16. Defendants' conduct is not merely gross or extreme negligence. The Court finds that the Defendants intentionally destroyed the documents.

17. Prior to this order, the Court indicated that it would allow the spoliation instruction and directed that the deposition of attorney Vaughn be taken.

18. Based on these findings, the Court must undertake the balancing test laid out in Segura v. K-Mart. These factors are relative fault, prejudice to the parties, and whether lesser sanctions might be appropriate.

19. Addressing the degree of fault of the party who altered or destroyed the evidence: the defendants' conduct is extreme negligence, gross negligence, and intentional.

20. Addressing the degree of prejudice: the degree of prejudice to the Plaintiffs is extreme.

21. Addressing whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and where the offending party is seriously at fault will serve to deter such conduct by other parties in the future:

   a. The Court finds that the next available sanction is similar to Segura, a finding of negligence in the case. This is insufficient because on the basis of Mr. Lyons testimony, the Defendants have in effect already conceded negligence in this case. The Court finds that that the appropriate sanction here is to prevent the Defendants from arguing their contributory negligence and comparative negligence defenses that they have raised in their most recent answer.

    b. The conduct in this case is much more extreme, amounting to extreme negligence, gross negligence, and intentional conduct. There is no lesser sanction that would be appropriate.

22. The Court adopts other arguments made by Plaintiffs' counsel on this question.

23. In seven years on the bench, the Court has never made findings that approach this level of conduct. These very extraordinary circumstances merit the extraordinary remedy here ordered.

    Therefore, on the basis of extreme recklessness and intentionality and the other factors set forth in Segura v. K-Mart, the Court hereby Orders that the Defendants' affirmative defenses of contributory negligence and comparative negligence are stricken. The Defendants are further precluded from arguing any issues of contributory negligence or comparative negligence to the jury.

_____
Hon. Raymond Z. Ortiz

*Defendants object as to form & substance. Re-tuarBltj*

*Agreed as to Form and Substance*
*P. M [illegible]*
*Attorney for Plaintiffs*